FILED
United States Court of Appeals
Tenth Circuit

April 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SOLOMON BEN-TOV COHEN MA
(CANTAB),

Petitioner-Appellant,

v.

THERESA HUNT, Warden of GEO-
ICE Detention Facility, Aurora,
Colorado,

Respondent-Appellee.

No. 09-1277
(D.C. No. 1:08-CV-01844-LTB-CBS)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BRISCOE,** and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

The government has filed a motion to dismiss this appeal based on

---

[*]      This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

mootness. We dismiss in part and affirm in part.

The petitioner filed a 28 U.S.C. § 2241 petition challenging his detention without bond by Immigration and Customs Enforcement ("ICE"). In the petition, he not only challenged his detention, but also alleged that he was denied access to the Internet and that he was unable to practice his religion. He sought either release or the setting of bond, injunctive and declaratory relief regarding the conditions of confinement as well as damages for wrongful incarceration. The district court denied the petition, concluding that it lacked jurisdiction to review the decision of ICE to hold the petitioner without bond. The court also determined that § 2241 was not the proper vehicle to present the claims regarding the conditions of confinement.

The government argues that the appeal is moot because the petitioner is no longer in the custody of ICE, but rather now is being held in another facility pursuant to an arrest warrant issued after he was indicted on five counts of "refusing to apply for documents for deportation" in violation of 8 U.S.C. § 1253(a)(1)(B). The petitioner contends that the government cannot evade jurisdiction by merely transferring him to another facility.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *Alvarez v, Smith,* 130 S.Ct. 576, 580 (2009). An "actual controversy must be extant at all stages of review, not merely at

the time the complaint is filed." *Id.* (quotation omitted). Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted).

We agree with the government that the appeal is moot as to the release claims and those claims seeking declaratory judgment and injunctive relief regarding the conditions of confinement. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (§ 2241 petition challenging alien's detention without bond was moot when the alien was no longer "in the custody of the DHS to benefit from a bond determination or release."); *Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (appeal of denial of declaratory and injunction relief regarding conditions of confinement is moot where the prisoner was released). The petitioner was not merely transferred from one facility to another, but rather he was released from ICE's custody and is now being held, not awaiting removal, but pending the resolution of criminal charges.

However, the petitioner's claims for damages for wrongful incarceration are not moot. *See Lippoldt v. Cole*, 468 F.3d 1204, 1217 (10th Cir. 2006) ("[B]y definition claims for past damages cannot be deemed moot.") (quotation omitted); *Wirsching*, 360 F.3d at 1196 (release did not moot damages claims; these claims "'remain viable because a judgment for

-3-

damages in [the plaintiff's] favor would alter the defendants' behavior by forcing them to pay an amount of money they otherwise would not have to pay.'") (quotation omitted). Accordingly, we reach the merits of this part of the appeal.

Although the district court did not specifically address the petitioner's claims for damages, the court correctly determined that claims regarding conditions of confinement may not be brought in a § 2241 proceeding. *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997) ("Section 2241 actions are not used to challenge prison conditions ...."). *See also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Accordingly, we grant the government's motion to dismiss in part. Because the release/bond claims and the requests for declaratory and injunctive relief are moot, we **VACATE** those portions of the district court's order dealing with these claims and **REMAND** with instructions to **DISMISS** those claims. *See Kansas Judicial Review v. Stout*, 562 F.3d 1240, 1248 (10th Cir. 2009) ("When a case becomes moot on appeal, the ordinary course is to vacate the judgment below and remand with directions to dismiss."). Mootness did not occur because of some action on the part of the petitioner, but rather occurred as a matter of happenstance. *Alvarez v.*

*Smith*, 130 S.Ct. 576, 581-83 (2009); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) ("Vacatur is in order when mootness occurs through … circumstances not attributable to the parties."). We **AFFIRM** the dismissal of the claims seeking damages. The motion to restore is **DENIED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM